# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|                      |     |                     |
|----------------------|-----|---------------------|
| STATE OF DELAWARE,   | )   |                     |
|                      | )   |                     |
| v.                   | )   | I.D. No. 1112000553 |
|                      | )   |                     |
| OMAR MITCHELL,       | )   |                     |
|                      | )   |                     |
| Defendant.           | )   |                     |

Date Submitted: March 2, 2023
Date Decided: May 9, 2023

## ORDER

Upon consideration of Defendant's *pro se* Motion for Postconviction Relief[1] ("Motion"), Superior Court Criminal Rule 61, statutory and decisional law, and the record in this case, **IT APPEARS THAT**:

(1)     On August 14, 2014, Defendant pled guilty to Murder Second Degree, three counts of Possession of a Firearm During the Commission of a Felony ("PFDCF"), two counts of Robbery First Degree, and Possession of a Firearm/Ammunition by a Person Prohibited ("PFBPP/PABPP").[2]

(2)     By Order dated January 23, 2015, effective December 1, 2011, Defendant was sentenced to a total of 47 years of unsuspended Level V time.[3]

---

[1] D.I. 120.

[2] D.I. 109.

[3] D.I. 113.  Defendant's sentence is as follows:  for Murder Second Degree, 28 years at Level V, suspended after 26 years at Level V for 2 years at Level IV DOC Discretion, followed by decreasing levels of supervision; for each count of PFDCF, 3 years at Level V, for each count of Robbery First Degree, 3 years at Level V, and for PFBPP/PABPP, 6 years at Level V.  The Court

(3)     On March 2, 2023, Defendant filed the instant motion for postconviction relief.[4]   In his Motion, Defendant asserts a claim of ineffective assistance of counsel, arguing that his trial attorneys violated the Delaware Rules of Professional Conduct by allowing him to enter a plea that was neither knowingly nor intelligently made.[5]

(4)     Before addressing the merits of any claim for postconviction relief, the Court must first determine whether any of the procedural bars under Rule 61 are applicable.[6]  A motion under this Rule may be subject to summary dismissal if it is untimely, repetitive, previously adjudicated, or procedurally defaulted.[7]  The issue here is timeliness.  Under Rule 61(i)(1), a motion must be filed no more than "one year after the judgment of conviction is final . . ."[8]  "A judgment of conviction is final . . . 30 days after the Superior Court imposes sentence."[9]

(5)     Here, the Court imposed its sentence on January 23, 2015,[10] and it became final thirty days later, on February 23, 2015.  Defendant filed the instant motion on March 2, 2023, more than five years later; accordingly, Defendant's Motion is procedurally barred as untimely.

---

also ordered Defendant to pay $5965.00 in restitution.
[4] D.I. 120.
[5] *Id.*
[6] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[7] Super. Ct. Crim. R. 61(i)(1)-(4).
[8] Super. Ct. Crim. R. 61(i)(1).
[9] Super. Ct. Crim. R. 61(m).
[10] D.I. 112.

2

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's

Motion for Postconviction Relief is **SUMMARILY DISMISSED**.


                                             /s/ Jan R. Jurden

                                      Jan R. Jurden, President Judge

cc:     Original to Prothonotary
        Abigail E. Rodgers, DAG
        Omar Mitchell (SBI# 00521134)